IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEITH JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-2143-KHV |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Keith Jones brings suit against his former employer, United Parcel Service, Inc. ("UPS"), alleging retaliatory discharge in violation of Kansas common law. This matter is before the Court on Plaintiff's Motion And Memorandum Of Law To Exclude The Testimony Of Denise M. Reilly (Doc. #48) filed January 22, 2008. For reasons set forth below, plaintiff's motion is overruled.

## Background

Plaintiff asserts that UPS terminated his employment in retaliation for filing a workers compensation claim. As an affirmative defense, UPS asserts that plaintiff did not use reasonable diligence to mitigate damages by finding suitable employment. Defendant has designated Denise M. Reilly to testify about a labor-market survey regarding plaintiff's employability. Plaintiff primarily argues that Reilly lacks the necessary qualifications to testify as an expert and that her methodology is unreliable, and seeks to exclude Reilly's testimony under Rule 702, Fed. R. Evid., and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). In addition, plaintiff asserts that the Court should exclude the evidence on numerous other grounds.

**Analysis**

Rule 702 of the Federal Rules of Evidence governs the admission of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Rule 702, the trial court must act as a gatekeeper and determine at the outset, pursuant to Rule 104(a), "whether the expert is proposing to testify to (1) scientific, technical or other specialized knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." Daubert, 509 U.S. at 592. This entails a preliminary assessment whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue. Id. The decision whether to admit or exclude expert testimony is committed to the sound discretion of the district court. Latshaw v. Mt. Carmel Hosp., 53 F.Supp.2d 1133, 1136 (D. Kan. 1999).

As part of the pretrial evaluation, the trial court must determine whether the expert opinion is "based on facts that enable the expert to express a reasonably accurate conclusion as opposed to conjecture or speculation." Kieffer v. Weston Land, Inc., 90 F.3d 1496, 1499 (10th Cir. 1996) (quoting Jones v. Otis Elevator Co., 861 F.2d 655, 662 (11th Cir. 1988)). The touchstone of admissibility is helpfulness to the trier of fact. Werth v. Makita Elec. Works, Ltd., 950 F.2d 643, 648 (10th Cir. 1991).

**I.  Reilly's Qualifications**

Plaintiff first argues that Reilly is not qualified to render an expert opinion. Specifically, plaintiff argues that Reilly's expert report does not explain how her experience, training or education leads to her conclusion and opinions, and how her experience, training or education is reliably applied

2

to the facts. Plaintiff's challenge to the qualifications of this witness is unavailing. Reilly is a certified rehabilitation counselor and a certified disability management specialist with more than 25 years of experience in the field. She holds a masters degree in rehabilitation counseling and personnel service. Reilly meets the minimum requirements for testifying as an expert. Any dispute over her qualifications is an issue for the jury.

**II.     Reliability**

Plaintiff argues that Reilly's opinions are not reliable because the record contains no evidence of the methodology which she used to reach her opinions or how she reliably applied the methodology to the facts of the case. Defendant correctly responds that Reilly's report adequately sets out the methodology she used to determine plaintiff's transferable job skills based on the relevant labor market. First, Reilly reviewed plaintiff's deposition, his expert witness report, income tax information, selected medical records and the UPS essential job function description. Next, Reilly researched jobs using Bureau of Labor Statistics, the "Revised Handbook for Analyzing Jobs," state Labor Department statistics and internet search engines including careerbuilder.com and switchboard.com. Plaintiff argues that Reilly's report does not indicate that she used any recommended scientific methodology. Plaintiff cites Kinnaman v. Ford Motor Co., No. 98CV269SNL, 2000 U.S. Dist. LEXIS 235, at *15-16 (E.D. Mo. Jan. 10, 2000), in which the court excluded expert testimony because the expert had used a commercial web site which purportedly identified jobs that plaintiff was able to perform based on her physical limitations. Here, by contrast, Reilly did not use a computer program to determine which jobs plaintiff could perform. Rather, Reilly reviewed plaintiff's records to glean his physical limitations, used various resources to determine available jobs, and rendered an opinion which jobs plaintiff could perform based on his vocational skills. Reilly then identified such jobs in the Kansas City area which pay higher rates

3

than plaintiff's current position. Such testimony is generally admissible. See, e.g., Falconer v. Penn Maritime, Inc., 232 F.R.D. 34, 35 (D. Me. 2005) (allowing testimony by vocational rehabilitation specialist on which jobs plaintiff could perform and what jobs were available). Further, although plaintiff asserts that Reilly did not review all of the doctors' reports regarding plaintiff's physical condition and did not consider whether benefits were comparable to plaintiff's former UPS position, those issues go to the weight of the evidence and not its admissibility.[1] See Fisher v. Werner Enter., No. 04-cv-1317, 2005 WL 6001584, at *2 (S.D. Ind. Aug. 25, 2005) (proper means to challenge expert's failure to consider certain documents was not to exclude testimony altogether, but to challenge accuracy, consistency and credibility of opinions with vigorous cross examination, presentation of contrary evidence and argument); Goebel v. Denver & Rio Grande W. R.R., 346 F.3d 987, 994 (10th Cir. 2003) ("shaky" but otherwise admissible expert evidence should be subject to vigorous cross-examination rather than excluded).

### III. Other Objections

Plaintiff also asserts that the Court should exclude Reilly's testimony because (1) it is not relevant under Rule 402, Fed. R. Evid.; (2) it is improper character evidence under Rule 404, Fed. R. Evid.; (3) it is inadmissible hearsay under Rule 803(6), Fed. R. Evid.; and (4) it would result in unfair prejudice, confusion of the issues and misleading the jury under Rule 403, Fed. R. Evid. For substantially the reasons set forth in Defendant's Memorandum (Doc. #53) at 10-11, the Court finds that these objections should be overruled.

---

[1] Plaintiff asserts that Reilly improperly relied upon Dr. Poppa's opinion that plaintiff was capable of returning to work without restrictions. The report, however, clearly states that Reilly relied upon the restrictions set out by Dr. Stechshulte, e.g., lifting a maximum of 20 pounds overhead and 45 pounds at chest/shoulder. See Doc. #48-3 at 2, 4.

4

**IT IS THEREFORE ORDERED** that <u>Plaintiff's Motion And Memorandum Of Law To Exclude The Testimony Of Denise M. Reilly</u> (Doc. #48) filed January 22, 2008 be and hereby is **OVERRULED**.

Dated this 19th day of February, 2008 at Kansas City, Kansas.

<u>s/Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge
