IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KEITH JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 06-2143-KHV |
| | ) |
| **UNITED PARCEL SERVICE, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Keith Jones brings suit against his former employer, United Parcel Service, Inc. ("UPS"), alleging retaliatory discharge in violation of Kansas common law. This matter is before the Court on Defendant's Motion In Limine To Exclude "Stray Remarks" By Non-Decisionmakers And Evidence Of Defendant's Attempts To Settle Plaintiff's Claim (Doc. #67), Defendant's Motion In Limine To Preclude Any Testimony From Richard Picinich (Doc. #68), Defendant's Motion In Limine To Exclude Evidence Of Witnesses Who Were Not Identified As Experts Concerning Plaintiff's Medical Condition (Doc. #69) and Defendant's Motion In Limine To Exclude Statements Or Evidence Of Statements Made After Plaintiff Reached Maximum Medical Improvement Which Allegedly Evidence Retaliatory Motive (Doc. #70), all filed February 5, 2008, and Plaintiff Keith Jones' Motion For Leave To File Sur-Reply To Defendant's Reply To Plaintiff's Response In Opposition To Defendant's Motion In Limine To Exclude All Testimony Of Former UPS Manager Richard Picinich (Doc. #90) filed February 19, 2008. As a preliminary matter, the Court sustains plaintiff's motion for leave to file a sur-reply. For reasons set forth below, the Court overrules defendant's motions in limine.

**I.      Evidence Of Stray Remarks By Non-Decisionmakers And Defendant's Attempts To Settle Plaintiff's Workers' Compensation Claim**

   **A.     Stray Remarks By Non-Decisionmakers**

Defendant seeks to exclude evidence of certain remarks by Jan Keating, Kevin Rhine, Anson Wallace and Chuck Henry regarding plaintiff's workers' compensation claim and/or injury. Defendant contends that these individuals are not decisionmakers and that their remarks did not relate to the decision-making process. See Doc. #67 at 2-3. Defendant urges the Court to exclude their statements as "stray remarks" which are not probative of retaliation. See id. at 3-4. Defendant asserts that any probative value is substantially outweighed by the danger of unfair prejudice under Rule 403, Fed. R. Evid. See id. at 4-5.

Plaintiff responds that said individuals made comments which were specifically directed at or related to plaintiff, and that the individuals were directly involved in the decision-making process. See Doc. #73 at 2-7. To show discriminatory animus based on discriminatory statements, plaintiff must show (1) that a decisionmaker made the statements and (2) a nexus between the statements and adverse employment action. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1129 (10th Cir. 1998). Generally, plaintiff cannot rely on statements by non-decisionmakers. See Cuenca v. Univ. of Kan., 101 Fed. Appx. 782, 788 (10th Cir. 2004). An exception exists, however, if the record contains evidence from which a jury may reasonably infer that a decisionmaker adopted or relied upon the discriminatory statement in making an adverse employment decision. See id.

Here, the record is not sufficiently developed to determine whether decisionmakers made and/or relied on the alleged discriminatory remarks. The Court can better evaluate the admissibility of the remarks in context of evidence presented at trial. The Court will therefore overrule defendant's motion.

Counsel shall approach the bench before presenting evidence regarding alleged discriminatory statements by Keating, Rhine, Wallace and Henry.

### B. Defendant's Attempts To Settle Plaintiff's Workers' Compensation Claim

Defendant seeks to exclude evidence that it tried to negotiate a global settlement of plaintiff's claims and that it had a policy of obtaining global settlements from employees with pending workers' compensation claims. Defendant contends that the Court should exclude such evidence under Rule 408, Fed. R. Evid.[1] Defendant also claims that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice under Rule 403, Fed. R. Evid. See Doc. #67 at 6-7.

Plaintiff responds that Rule 408 does not apply because he does not seek to introduce such evidence to prove liability for, invalidity of, or amount of his workers' compensation claim. Plaintiff contends that he seeks to introduce such evidence to show retaliatory conduct. In Bradbury v. Phillips

---

[1] Rule 408 provides as follows:

Compromise and Offers to Compromise
(a) Prohibited uses.—Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> (1) furnishing or offering or promising to furnish or accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Permitted uses. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

Petrol. Co., 815 F.2d 1356 (10th Cir. 1987), the Tenth Circuit found that read literally, Rule 408 does not appear to apply to compromise evidence which does not involve the claim which is the subject of the current suit. See id. at 1363. The Tenth Circuit ruled, however, that policy purposes support applying Rule 408 to compromise evidence which is sufficiently related to the current dispute to be relevant. See id. Even when Rule 408 applies, however, it does not exclude compromise evidence in all situations. Rather, it precludes compromise evidence only when it is offered to prove "liability for or invalidity of the claim or its amount." See id. at 1363 (quoting Rule 408). Based on the current record, it appears that plaintiff does not intend to offer the evidence for such purposes. Accordingly, the Court overrules defendant's motion. Counsel shall approach the bench before presenting evidence regarding defendant's efforts to compromise plaintiff's claims.

## II.     **Testimony Of Richard Picinich (Doc. #68)**

Defendant seeks to exclude the testimony of Richard Picinich, former UPS managerial employee, on grounds that it is irrelevant under Rules 401 and 402, Fed. R. Evid., unduly prejudicial under Rule 403, Fed. R. Evid., and improper evidence of prior bad acts under Rule 404(b), Fed. R. Evid.[2]

---

[2] Plaintiff has indicated that Picinich will testify regarding the following:

UPS policies and procedures related to workers' compensation and injured employees throughout the nation; his communications with Jim Grover and other UPS managers and supervisors regarding the treatment of injured and/or disabled UPS employees; UPS management directives to target injured employees and those filing workers' compensation claims and harass, intimidate, and terminate them; compensation and other financial incentives offered and provided to UPS managers and supervisors throughout the nation to reduce employee injuries and workers' compensation claims; UPS treatment of injured and/or disabled employees; his attempts to return to work at UPS following his work-related injuries; his treatment by Jim Grover and others at UPS in connection with work-related injuries; and, related litigation he successfully brought against UPS, Jim Grover, and other UPS employees.

(continued...)

4

Plaintiff contends that the testimony is directly relevant to the issue whether UPS maintains a corporate-wide policy of targeting and terminating injured employees and employees who file workers' compensation claims. Plaintiff may use evidence of an alleged discriminatory policy to show improper motive and retaliatory intent. See Jones v. UPS, Inc., 502 F.3d 1176, 1188 (10th Cir. 2007). Whether such evidence is admissible is "fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." Sprint/United Mgmt. Co. v. Mendelsohn, 128 S. Ct. 1140, 1147 (2008). The Court will be able to better make this determination in context of evidence presented at trial. Accordingly, the Court overrules defendant's motion. Again, however, counsel shall approach the bench before presenting evidence regarding the testimony of Richard Picinich.

**III.     Testimony Of Non-Expert Witnesses Regarding Plaintiff's Medical Condition (Doc. #69)**

Defendant seeks to exclude testimony of plaintiff's treating physicians, Dr. Gary Legler, Dr. Frederick Buck and Dr. Michael Poppa, and plaintiff's physical therapist, Robert Mitchell, regarding plaintiff's medical condition. Specifically, defendant seeks to exclude testimony by these individuals regarding (1) plaintiff's ability to improve over time and (2) the propriety of a third functional capacity examination of plaintiff.[3]   Defendant contends that such testimony constitutes expert witness

---

[2](...continued)
Plaintiff Keith Jones' Final Witness And Exhibit List ("Plaintiff's Witness List") (Doc. #50) filed January 29, 2008 at 10.

[3]     Plaintiff has identified said individuals to testify regarding the following:

14.    Robert A. Mitchell, PT - Physical Therapist, Spine and Extremity Rehabilitation Center. 220 Northwest Platte Valley Drive, Riverside, MO 64150. Expected to testify regarding: any therapy, care or treatment that he or SERC provided for Mr. Jones; any and all related medical records, testing,

(continued...)

testimony and that plaintiff did not designate said individuals as experts or provide expert reports

---

³(...continued)
and evaluations; Mr. Jones' related physical condition and abilities; related communications he had with any other therapist or physician, UPS, and/or Liberty Mutual; and, UPS and Liberty Mutual practices, policies, or procedures in connection with injured UPS employees evaluated, examined, and/or treated by SERC. He is expected to testify generally in accordance with his deposition.

15. Dr. Gary Legler - Treating Occupational Physician, KU Med West. 7405 Renner Rd. Shawnee, KS 66217. Expected to testify regarding: any care or treatment that he provided for Mr. Jones; any and all related medical records, testing, and evaluations; Mr. Jones' related physical condition and abilities; related communications he had with any other physicians or therapists, UPS, and/or Liberty Mutual; and, UPS and Liberty Mutual practices, policies, or procedures in connection with injured UPS employees evaluated, examined, and/or treated by KU Med West and/or Wyandotte Occupational. He is expected to testify generally in accordance with his deposition.

16. Dr. Michael J. Poppa - Treating Occupational Physician, Occupational Consulting Services. 6700 Squibb Rd., Suite 105, Mission, KS. Expected to testify regarding: any care or treatment that he provided for Mr. Jones; any and all related medical records, testing, and evaluations; Mr. Jones' related physical condition and abilities; related communications he had with any other physicians or therapists, UPS, and/or Liberty Mutual; and, UPS and Liberty Mutual practices, policies, or procedures in connection with physician and therapist evaluation, examination, and/or treatment of injured UPS employees.

17. Dr. Frederick A. Buck - Treating Occupational Physician, Wyandotte Occupational Health Clinic. 11213 Nall Avenue, Suite 140, Leawood, KS 66211. Expected to testify regarding: any care or treatment that he provided for Mr. Jones; any and all related medical records, testing, and evaluations; Mr. Jones' related physical condition and abilities; related communications he had with any other physicians or therapists, UPS, and/or Liberty Mutual; and, UPS and Liberty Mutual practices, policies, or procedures in connection with injured UPS employees evaluated, examined, and/or treated by KU Med West and/or Wyandotte Occupational. He is expected to testify generally in accordance with his deposition.

Plaintiff's Witness List (Doc. #50) at 6-8.

pursuant to Rule 26(a)(2)(B), Fed. R. Civ. P.

Plaintiff responds that said individuals may properly testify as lay witnesses regarding their care and treatment of plaintiff, as well as any related prognoses and issues which would assist the jury of a better understanding thereof. A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party. Davoll v. Webb, 194 F.3d 1116, 1138 (10th Cir. 1999). Moreover, when testifying as a lay witness, a treating physician may state "expert" facts to explain his or her testimony to the jury. See id.; see also Weese v. Schukman, 98 F.3d 542, 550 (10th Cir. 1996) (lay witness may testify as to opinion rationally based on perception of witness and helpful to clear understanding of fact in issue). On this record, defendant has not shown that the proposed testimony constitutes improper expert testimony. Defendant's motion is therefore overruled.

## IV.  Statements Made After Plaintiff Reached Maximum Medical Improvement (Doc. #70)

Defendant seeks to exclude evidence regarding an alleged retaliatory motive by defendant on or after September 3, 2003, when Dr. Stechschulte supposedly imposed permanent work restrictions on plaintiff.[4] Defendant contends that after this date, defendant had received ample evidence that plaintiff could not return to his former position and therefore, any evidence of a retaliatory motive is irrelevant and unduly prejudicial. Defendant's argument ignores plaintiff's theory that after Dr. Stechschulte issued his opinion, defendant deliberately ignored medical evidence related to plaintiff's ability to perform the essential functions of his position and actively interfered with the process in which he was evaluated. On this record, defendant has not shown that the Court should exclude evidence of an alleged

---

[4] Based on the summary judgment record regarding plaintiff's disability discrimination claims, it appears that plaintiff sustained his injury on October 6, 2003 and Dr. Stechschulte imposed permanent work restrictions in December of 2003. See Jones, 502 F.3d at 1180-81.

retaliatory motive after Dr. Stechschulte imposed permanent work restrictions on plaintiff.  Defendant's motion is therefore overruled.

**IT IS THEREFORE ORDERED** that Defendant's Motion In Limine To Exclude "Stray Remarks" By Non-Decisionmakers And Evidence Of Defendant's Attempts To Settle Plaintiff's Claim (Doc. #67), Defendant's Motion In Limine To Preclude Any Testimony From Richard Picinich (Doc. #68), Defendant's Motion In Limine To Exclude Evidence Of Witnesses Who Were Not Identified As Experts Concerning Plaintiff's Medical Condition (Doc. #69) and Defendant's Motion In Limine To Exclude Statements Or Evidence Of Statements Made After Plaintiff Reached Maximum Medical Improvement Which Allegedly Evidence Retaliatory Motive (Doc. #70), all filed February 5, 2008, be and hereby are **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff Keith Jones' Motion For Leave To File Sur-Reply To Defendant's Reply To Plaintiff's Response In Opposition To Defendant's Motion In Limine To Exclude All Testimony Of Former UPS Manager Richard Picinich (Doc. #90) filed February 19, 2008 be and hereby is **SUSTAINED**.

Dated this 27th day of March, 2008 at Kansas City, Kansas.

s/Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge